

FILED

03/26/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0065

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0065

JOHNNY RAY COX,

Petitioner,

v.

MIKE LINDER, Sheriff,

Respondent.

FILED

MAR 2 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Johnny Ray Cox has filed a Petition for Writ of Habeas Corpus, indicating that his sentence is illegal because it is longer than the law allows. He states that he has "325 days of undisputed street time credit and 625 days of veteran court successful completion." In compliance with this Court's February 21, 2024 Order, the State responds that Cox's Petition should be dismissed.

This Court is familiar with Cox's sentencing history. Cox has five criminal cases from the Thirteenth Judicial District Court, Yellowstone County, and the State provides that this is Cox's third Petition with this Court. Our prior Orders detail Cox's sentencing history, and we will not repeat the history here. In February 2018, this Court granted Cox's petition for habeas corpus relief in part to remand it to the District Court for a correct calculation of credit for time served as applied to his two cases that originated in 2011 (hereinafter 2011 cases). *Cox v. Fender*, No. OP 17-0692, Order, at 1-3 (Mont. Feb. 6, 2018) (*Cox I*). After a hearing on July 26, 2018, the District Court concluded that Cox was entitled to a total of 104 days of credit in the 2011 cases.

About six weeks later, the State charged Cox with a new felony, and the court accepted his no contest plea, sentencing him to the Department of Corrections for two years (2018 case). This is Cox's fifth criminal case. We mention it because the State did not seek revocation in his 2011 cases as it had done before. Except for his two 2011 cases, Cox's other sentences run consecutively to each other.

In late 2019, Cox filed a second petition for habeas corpus relief where he argued for additional credit for time served and that the court did not have authority to run his 2011 cases consecutively to his recent 2018 case. *Cox v. Fender*, No. OP 17-0692, Order (Mont. Jan. 28, 2020) (*Cox II*). We agreed with the State that Cox was not entitled to fifteen extra months of credit for time served and that Cox is procedurally barred from challenging his sentences upon revocation for his 2011 cases. We did, however, grant his petition in part because "it appears that six of the seven days' additional credit awarded by the District Court were not applied to Cox's sentence calculation." *Cox II*, at 2. Cox was due a total of 104 days of credit in his 2011 cases which had not been reflected in his recent sentence calculation. *Cox II*, at 3-4.

In his instant Petition, Cox argues that he is due additional time. He states that he has been arrested twice in the last two years for probation violations. He adds that the court dismisses the matters and leaves him on probation without "granting [him his] day in court." He asserts that he should have completed probation in 2022.

The State responds that Cox is mistaken. While Cox discharged his 2018 case on December 2, 2020, the State points out that after receiving 104 days of credit in his 2011 cases, those sentences began on August 20, 2020. The State thus clarifies that Cox's sentences for his 2011 cases have been running since that date. The State reframes his argument in which Cox seeks an Order from this Court awarding credit against sentences that have not been revoked. The State further points out that the 2011 sentences have not been revoked and that he is not due any additional credit for time served because he has received that award. For his claim about any additional street time, the State posits that this Court does not grant prospective elapsed time credit, *i.e.*, from August 20, 2020 to the date of his instant Petition. The State explains that Cox was held on probation violation holds several times while he has been serving his probationary term and that the State filed a Petition to Revoke in September 2021 and September 2023, yet the court later dismissed the petitions each time upon the State's motions. The State concludes that Cox is still serving his suspended sentences for his 2011 cases, and that Cox will discharge the older 2011 case on November 10, 2024, and the second 2011 case on February 4, 2025.

We find the State's response dispositive of Cox's Petition. He is not entitled to habeas corpus relief or a reduction of his sentence. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Cox's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Johnny Ray Cox personally.

DATED this Z6 day of March, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3